UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANTONIO LOPEZ, JR. and MARIA D. LOPEZ,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.  SA-11-CA-0936-XR** |
| **VS.** | ) | |
| | ) | |
| **JP MORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On this date, the Court considered Defendant JPMorgan Chase Bank's Motion to Dismiss or alternatively Motion for More Definite Statement (docket no. 3) and the response thereto.

## BACKGROUND

Plaintiffs filed this lawsuit in state court on October 28, 2011, seeking injunctive relief to prevent foreclosure on their home.  Plaintiffs' Original Petition and Motion for Temporary Restraining Order and Temporary Injunction states that Plaintiffs financed their property through Defendants "as current mortgagee secured by a Deed of Trust."  The Original Petition asserts that the substitute trustee posted the residence for foreclosure sale on November 1, 2011, but that prior to receipt of the foreclosure notice, Plaintiffs had contacted JPMorgan Chase Bank ("Chase") for modification of the loan and were told they "are considered for said modification."  Plaintiffs allege that they were informed that "the modification documents would not be completed for sixty to ninety (60-90) days and that the property would not be foreclosed upon during the process."  Plaintiffs

-1-

therefore "seek a Temporary Restraining Order to prevent the sale from taking place on November 1, 2011, and thereafter, a Temporary Injunction to prevent a sale from taking place without the proper notice."  Plaintiffs further seek "such other further relief at law or in equity to which the Plaintiffs may show themselves to be justly entitled."

Plaintiffs obtained a temporary restraining order on October 28 from the presiding state district judge, and a hearing was set for November 10 to determine whether the TRO should be made into a temporary injunction and whether the home should be "prevented from foreclosure sale for a specified amount of time until Plaintiffs' modification loan can be completed and is in force." Before the hearing could be held, Chase removed the case to this Court on November 9, 2010.[1]  On November 15, Chase filed the instant motion to dismiss or, alternatively, for more definite statement.

Defendant contends that Plaintiff's original petition asserts no causes of action, but instead seeks only injunctive relief to prevent the foreclosure sale.  Further, Defendant argues, to the extent Plaintiffs are generally alleging that Chase breached an oral agreement not to foreclose during a loan modification review, the claim is barred by the statute of frauds governing agreements that cannot be performed within one year.  *See* TEX. BUS. & COMM. CODE § 26.01 (agreement that is not to be performed within one year from the date of making the agreement is not enforceable unless it is in writing and signed by the person to be charged with the agreement). Defendant asserts that modifications of a note or deed of trust agreement, "which presumably are to last more than one

---

[1] Chase asserts that this Court has jurisdiction based on diversity because the substitute trustee was improperly joined.  The Court agrees that the substitute trustee is a nominal party whose citizenship is not relevant for determining diversity jurisdiction, and Plaintiffs subsequently agreed to dismiss claims against the substitute trustee. Docket no. 4, 5.  Because the relevant parties are diverse and the amount in controversy exceeds $75,000, removal was proper on the basis of diversity jurisdiction.

year," fall within the statute of frauds and must be in writing.

In response, Plaintiffs state that they "have brought this suit against the Defendant Chase seeking to enforce an agreement that this Defendant would not foreclose on their home while the Plaintiffs' application to modify their loan was being reviewed."  They contend that the "agreement seeking to be enforced and preserved through this suit is the agreement that the Plaintiffs' property would not be foreclosed upon while the Defendant was reviewing the loan modification request," and that this agreement does not fall within the statute of frauds.  Plaintiffs also argue that they have stated a claim "because the request for the injunction involves the preservation of an existing right in real estate" and thus "is a recognized cause of action for equitable relief."  Plaintiffs further request an opportunity to replead should the Court conclude that the motion to dismiss has merit.

## ANALYSIS

Plaintiffs' Original Petition, filed in state court before removal, does not clearly assert a cause of action against Chase.  Rather, it appears primarily to seek injunctive relief to prevent the foreclosure of the property "without the proper notice" and "until such time that [Defendant] provides proper notice pursuant to the Texas Property Code."  Petition at 3.

Section 51.002 of the Texas Property Code requires compliance with its requirements in the conduct of the sale of real property under a contract lien. *Williams v. Bank of New York Mellon*, Civ. A. No. 3:09-CV-1622, 2010 WL 3359461 (N.D. Tex. Aug. 23, 2010).  When a mortgagor is in default, Section 51.002(d) of the Texas Property Code provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default

before notice of sale can be given under Subsection (b)." Under Subsection (b), the mortgagor's failure to cure the default results in acceleration of the sums secured by the Security Instrument and sale of the property, for which the lender must give notice at least 21 days prior to the sale as provided by subsection 51.002(b). However, Plaintiffs never allege that they did not receive notice of default, and Plaintiffs' pleading admits that Plaintiffs received notice of the scheduled foreclosure sale. Plaintiffs allege no facts indicating that any notices they did receive were defective in some way. Thus, it is unclear whether Plaintiffs are actually asserting a claim based on deficient notice, and their current pleading does not allege facts in support of such a claim.

In their response to the motion to dismiss, Plaintiffs claim that the purpose of this suit is to enforce an agreement by Chase not to foreclose on their home while their application to modify their loan was being reviewed. This claim, rather than the failure to provide notice, appears to form the true basis of Plaintiff's lawsuit. The Court thus considers whether this claim states a cause of action.

Plaintiffs mistakenly assert that they may obtain equitable injunctive relief simply because the dispute involves real property, citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002). In *Butnaru*, the Texas Supreme Court confirmed that injunctive relief requires a cause of action and a probable right to the relief sought. The plaintiff established a probable right to relief on a tortious interference claim. Although Plaintiffs assert that "Texas courts have allowed for injunctive relief when the dispute involves the loss of real estate," each of the cases cited by Plaintiffs involved claims for specific performance. Thus, to be entitled to injunctive relief preventing foreclosure on their property, Plaintiffs must establish a probable right to relief on a cause of action.

Plaintiffs seek to enforce an "agreement" that Plaintiffs' property would not be foreclosed upon while the Defendant was reviewing the loan modification request. However, these allegations,

-4-

standing alone, do not establish a cause of action.  An essential element of a breach of contract claim is the existence of a valid contract.  *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.–Amarillo 2008, pet. denied).  The elements of a valid contract are (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) a communication that each party consented to the terms of the contract, and (5) consideration.  *Angelou v. African Overseas Union*, 33 S.W.3d 269, 278 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  Plaintiffs' allegations fail to establish the existence of a contract that could have been breached; at most, their allegations establish a unilateral promise by Chase not to foreclose.

Nor do Plaintiffs' current allegations establish a promissory estoppel claim, which requires (1) a promise; (2) foreseeability of reliance by the promisor; and (3) substantial reliance by the promisee to his detriment.  *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).  Plaintiffs allege no change in position in reliance on the alleged promise not to foreclose.

Judge Jack addressed similar allegations in *Chapa v. Chase Home Finance*, Civ. A. No. C-10-359, 2010 WL 5186785 (S.D. Tex. Dec. 15, 2010):

> Taken as a whole, Plaintiff's allegations potentially indicate that Plaintiff believed a contract was formed between himself and Chase during loan modification negotiations, in which Chase promised to delay foreclosure pending the modification process, and that "written declarations" potentially exist to evidence this alleged contract.  However, Plaintiff does not allege that Chase ever agreed to postpone foreclosure (let alone that Chase did so in writing) or that Plaintiff gave consideration in exchange for such a promise.  Plaintiff also does not allege a contract arose under the doctrine of promissory estoppel or allege facts indicating that he materially changed his position in reliance on any promise from Chase not to foreclose on his home.  Nor do Plaintiff's allegations raise a "reasonable expectation" that discovery will reveal this missing elements.

*Id.* at *4.  Similarly, Plaintiffs have not alleged facts establishing a plausible claim for breach of contract or promissory estoppel.

Even if Plaintiffs can establish an agreement by Chase not to foreclose or an agreed modification of the existing mortgage agreement, it is possible that such an agreement would be barred by the statute of frauds.  If the applicable agreement is not to foreclose on the home while the modification is being considered, but not an agreement to modify the terms of the original loan in any way, then Defendant's statute of frauds argument under section 26.01would likely fail because there is no indication that the agreement would not be performed within a year.   The Court notes, however, that such an agreement could be subject to the statute of frauds in Texas Business & Commerce Code § 26.02, which provides that loans from financial institutions in amounts greater than $50,000 are not enforceable unless the loan agreement is in writing and signed by the parties to be bound.  Section 26.02(e) requires that each loan agreement that is subject to this section notify the debtor or obligor, in a separate written document, about section 26.02(d)'s prohibition against oral modifications.  The sample language from 26.02(e) includes the following: "This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties."

In *Ellen v. F.H. Partners*, Civ. A. No. 03-09-00310, 2010 WL 4909973 (Tex. App.–Austin Dec. 1, 2010, no pet.), the Austin court of appeals held that the bank's oral agreement to modify the terms of the loan agreement by promising not to default or foreclose is an oral modification of a loan agreement subject to the statute of frauds in § 26.02.  Based on the summary judgment record, the court of appeals concluded that "F.H. Partners orally agreed to modify the terms of the Loan Agreement by promising to not default or foreclose before January 2009" and that this oral modification was barred by the statute of frauds in § 26.02.

An agreement to not enforce one's rights under a contract temporarily is not *necessarily* a

modification of that contract subject to the statute of frauds.  *See Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984) ("not every oral modification of the terms of a written contract falls within the prohibition of the Statute of Frauds"); *Givens v. Dougherty*, 671 S.W.2d 877, 878 (Tex. 1984) ("It goes without saying that a contract required to be in writing cannot be orally modified except in limited circumstances such as extension of time for performance."); *but see Bank of Texas v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.–Dallas 2009, pet. dism'd w.o.j.) (oral agreement to extend a loan subject to § 26.02 by four months is subject to § 26.02).  The *Ellen* court expressly found that "the alleged promise here was an oral agreement to change the terms of the Loan Agreement."  However, section 26.02 may not apply if the oral agreement not to foreclose does not contradict or materially alter any terms of the mortgage agreement.  *But see Gaubert*, 286 S.W.3d at 556 (noting that § 26.02 is more exacting and governs any agreement to delay repayment of money).   The question is whether the oral modification is a "material alteration" of the original deal.[2]  Further, section 26.02 applies only if the required notice is given.  TEX. BUS. & COM. CODE § 26.02(e), (f). There is insufficient information currently before the Court to determine whether Chase allegedly agreed to a material alteration of the mortgage agreement, or even to determine whether § 26.02 applies to the loan in question at all.[3]

---

[2] In its Reply, Chase contends that Plaintiffs allege that Chase "breached an oral agreement not to foreclose during loan modification review" and "the right to foreclose is a material alteration of the underlying deed of trust."  However, Plaintiffs have not alleged that Chase agreed to give up its right to foreclose, only that it agreed to postpone foreclosure temporarily.  Thus, it is not clear from the facts presented thus far that the alleged oral agreement materially altered the terms of the original loan agreement.

[3] Plaintiffs also contend that "oral modifications to the contract are allowed and enforceable," citing *George Sheffield & Creed Corp. v. Gibson*, Civ. A. No. 14-06-00483 (Tex. App.–Houston [14th Dist.] 2008, no writ).  However, that case involved an exception to the statute of frauds – full performance.  *See also Bank of Texas v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App. – Dallas 2009,

**Conclusion**

Defendant's motion to dismiss (docket no. 3) is GRANTED because Plaintiffs' current pleading fails to state a claim upon which relief can be granted.  However, because Rule 15 contemplates an opportunity to replead and Plaintiffs have requested such an opportunity, the Court will permit Plaintiffs to amend their complaint.  Plaintiffs are ORDERED to file their amended complaint no later than **January 3, 2012.**  Defendant's alternative motion for more definite statement is DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 13th day of December, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

pet. dism'd w.o.j.) (discussing exception of partial performance).  Generally, if an agreement is subject to the statute of frauds, then any subsequent oral modifications to that agreement would also be subject to the statute of frauds, unless an exception is shown.  If the agreement at issue in this case is subject to the statute of frauds, Plaintiffs have not alleged facts that would establish an exception to the statute of frauds.