UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANTONIO LOPEZ, JR. and MARIA D. LOPEZ,   )<br>)<br>Plaintiffs,   )<br>)<br>VS.   )<br>)<br>JP MORGAN CHASE BANK, N.A., )<br>SUCCESSOR BY MERGER TO   )<br>CHASE HOME FINANCE, LLC,   )<br>)<br>Defendant.   ) | Civil Action No.  SA-11-CA-0936-XR |

## ORDER

On this date, the Court considered Defendant JPMorgan Chase Bank's Motion to Dismiss Plaintiffs' First Amended Complaint (docket no. 13) and the response and reply thereto.

### Factual and Procedural Background

Plaintiffs filed this lawsuit in state court on October 28, 2011, seeking injunctive relief to prevent foreclosure on their home.  Plaintiffs' Original Petition and Motion for Temporary Restraining Order and Temporary Injunction stated that Plaintiffs financed their property through Defendants "as current mortgagee secured by a Deed of Trust."  The Original Petition asserted that the substitute trustee posted the residence for foreclosure sale on November 1, 2011, but that prior to receipt of the foreclosure notice, Plaintiffs had contacted JPMorgan Chase Bank ("Chase") for modification of the loan and were told they "are considered for said modification."  Plaintiffs allege that they were informed that "the modification documents would not be completed for sixty to ninety (60-90) days and that the property would not be foreclosed upon during the process."  Plaintiffs

sought to enjoin the foreclosure and "such other further relief at law or in equity to which the Plaintiffs may show themselves to be justly entitled." Chase removed the case to this Court on November 9, 2010.

After removal, Chase filed a motion to dismiss or, alternatively, for more definite statement. On November 22, the parties filed an agreed motion to dismiss all claims against the Substitute Trustee, Marty LaCouture, and that motion was granted that same day. On December 13, the Court granted Chase's motion to dismiss because Plaintiffs' Original Petition, filed in state court before removal, did not clearly assert a cause of action against Chase and sought primarily injunctive relief to prevent the foreclosure of the property. Plaintiffs were given an opportunity to replead, however, and they did so by filing an Amended Complaint (docket no. 10). Chase then filed a second motion to dismiss the Amended Complaint.

## Analysis

The Amended Complaint alleges the following: Plaintiff purchased residential property located at 3110 McDonald Oak "through the Defendants as current mortgagee secured by a Deed of Trust." Plaintiffs became delinquent on their mortgage payments and went into default. They began discussions with Chase about modifying their mortgage. Plaintiffs "forwarded to the Defendant all of the information that the Defendant requested in order for the modification to take place." "The Plaintiffs were concerned about being in default on their mortgage and that the Defendant would exercise its right to foreclose on the property while the modification was in review" and they "discussed this concern with the Defendant." "Defendant informed the Plaintiffs that it would not foreclose on the property while the modification request was under review." Plaintiffs and Defendant "agreed that the Plaintiffs would provide all the information that the Defendant requested

during the modification process and would live in the home while this review was in process, and the Defendant agreed that in consideration of these promises, the Defendant would not exercise its right to foreclose on the property until such time as the review is complete." "In reliance upon this agreement the Plaintiffs provided and continue to provide the information requested by the Defendant and have not searched for or located substitute housing." Despite this agreement, the Substitute Trustee posted the residence for foreclosure sale. Plaintiffs contacted Defendant to see if it was a mistake, but Defendant did not respond, and thus Plaintiffs filed this suit. Plaintiffs allege causes of action for breach of contract and promissory estoppel. Defendant moves to dismiss for failure to state a claim.

## Analysis

In its prior order, the Court noted that Plaintiffs' allegation that they sought to enforce an agreement that their property would not be foreclosed upon while the Defendant was reviewing the loan modification request failed to establish a cause of action. The Court noted that Plaintiffs failed to establish the existence of a contract and at most established a unilateral promise by Chase not to foreclose. The Court further noted that Plaintiffs failed to establish a promissory estoppel claim because they alleged no change in position in reliance on the alleged promise not to foreclose. Last, the Court noted that it was possible that the statute of frauds for loan agreements (section 26.02 of the Texas Practice & Remedies Code) would bar Plaintiffs' breach-of-contract and promissory estoppel claims, but that it lacked information to determine whether section 26.02 applied. Specifically, the Court noted that section 26.02 may not apply if the oral agreement not to foreclose did not contradict or materially alter any terms of the mortgage agreement, and that it lacked information concerning whether the required notice was given to trigger 26.02.

**A. Breach of Contract**

Plaintiffs allege they entered into a contract that Defendant would not exercise its right to foreclose on the property while the modification process was ongoing, that the contract was supported by valuable consideration (submission of requested modification documentation by Plaintiffs and forebearance by Defendant), and that Defendant breached this agreement by posting the property for foreclosure after Plaintiffs submitted the requested documentation and while the modification review was pending. Plaintiffs seek specific performance of this agreement.

Plaintiffs do not clearly state whether the alleged contract is a bilateral contract, where both sides make mutual promises, or a unilateral contract, where a promisor promises a benefit if a promisee performs. *See City of Houston v. Williams*, 353 S.W.3d 128 (Tex. 2011) (discussing the types of contracts). They allege that "Plaintiffs and the Defendant agreed that the Plaintiffs would provide all the information that the Defendant requested during the modification process and would live in the home while this review was in process, and the Defendant agreed that in consideration of these promises, the Defendant would not exercise its right to foreclose on the property until such time as the review is complete." Thus, it appears that they are alleging a bilateral contract supported by mutual promises. Plaintiffs allege that, "despite this agreement and while the modification process and review was still ongoing," the property was posted for foreclosure on November 1, 2011.

Thus, unlike their original pleading, in their amended complaint Plaintiffs now allege that they gave consideration in exchange for Chase's promise not to foreclose. The contract that Plaintiffs allege was formed was an agreement that Plaintiffs would submit necessary documents for a loan modification, and that Chase would consider Plaintiffs' application and would not exercise its existing right to foreclose during the review process. Chase's promise to forebear its right to

foreclose constitutes consideration.  *See* RESTATEMENT (SECOND) OF CONTRACTS § 71(1), (3)(b) (1981) (consideration may consist of forbearance); *Foote v. Tate*, Civ. A. No. 01-06-00956, 2008 WL 257335 (Tex. App.–Houston [1st Dist.] Jan. 31, 2008, no pet.).  And some courts have held that a homeowner's submitting loan application documents and financial information as part of a loan modification process, when not already obligated to do so, can constitute consideration.  *See Durmic v. J.P. Morgan Chase Bank,* Civ. A. NO. 10-CV-10380, 2010 WL 4825632 (D. Mass. Nov. 24, 2010); *Bosque v. Wells Fargo Bank*, 762 F. Supp. 2d 342, 352 (D. Mass. 2011); *In re Bank of America HAMP Contract Litigation*, Civ. A. No. 10-md-02193-RWZ (D. Mass. July 6, 2011).[1]  Thus, Plaintiffs have adequately alleged the existence of a contract, and that Defendant breached the contract by posting the property for foreclosure.

Defendant also argues that, if a contract exists, it is barred by the statute of frauds set forth in Texas Business & Commerce Code § 26.02.  Defendant asserts that, because the alleged loan modification here was oral, it is unenforceable.  Plaintiffs argue that their alleged contract is not

---

[1] Plaintiffs may also be able to demonstrate a unilateral contract.  *See City of Houston v. Williams*, 353 S.W.3d 128 (Tex. 2011).  A unilateral contract consists of a promise, which is a manifestation of an intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made, acceptance of which by performance will form a contract.  *Id.*  Thus, a unilateral contract becomes enforceable when the promisee performs rather than when the parties make mutual promises.  *Id.*  Unilateral contracts are part of Texas common law.  *Id.*  Almost all unilateral contracts begin as illusory promises; what matters is whether the promise became enforceable by the time of the breach.  *Id.*  Thus, if Defendant asked Plaintiffs to submit an application with supporting documentation and promised to review Plaintiffs' application and refrain from foreclosing during its review, Plaintiffs could accept by their performance of submitting the application.  Defendant argues that the contract is illusory, and cites *Watson v. CitiMortgage Inc.*, 814 F. Supp. 2d 726 (E.D. Tex. 2011).  However, the court in that case held that "the promise remained illusory because Defendant neither required nor received any performance from Plaintiffs."

barred by the statute of frauds because it is not a loan modification, but a promise not to foreclose during loan modification review, and is therefore not subject to the statute of frauds. Plaintiffs argue that the cases cited by Defendant all involve alleged oral modifications to the loan, not a contract to delay foreclosure or forebear.

Section 26.02(b) provides that "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Section 26.02(a)(2) defines a "loan agreement" as "one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation."

Some courts have held that an oral forebearance agreement related to a mortgage loan is itself a "loan agreement" covered by the statute of frauds set forth in Texas Business and Commerce Code § 26.02, and some courts have held that it is a modification of such a loan agreement and thus subject to § 26.02. *See Milton v. U.S. Bank*, No. 4:10-CV-538, 2012 WL 1969935 (E.D. Tex. May 31, 2012) (holding that it is a loan agreement); *In re Harris*, Civ. A. No. 10-39586, 2011 WL 2708691 (Bkr. S.D. Tex. July 11, 2011); *Ellen v. F.H. Partners, LLC*, Civ. A. No. 03-09-CV-310, 2010 WL 4909973 (Tex. App.–Austin Dec. 1, 2010, no pet.). *But see Stiggers v. Fleet Mortgage Corp.*, Civ. A. No. 04-01-00024-CV, 2001 WL 984795 (Tex. App.–San Antonio Aug. 29, 2001, pet. denied ) ("[W]e likewise hold that any oral agreement to provide a second six-month period of forebearance was also not a contract modification.").

Defendant argues only that the alleged forebearance agreement is a modification of a loan agreement covered by the statute of frauds; it does not argue that the forebearance agreement itself is a "loan agreement." Even if the Court were to agree with Defendant and cases supporting Defendant's position, on which it makes no decision at this time, there is nothing in the Amended Complaint to demonstrate that section 26.02, which applies only to loan agreements exceeding $50,000 in value, applies.[2] Even if the loan does exceed $50,000, Defendant has not demonstrated that the oral forebearance agreement materially modified any terms of the mortgage note and/or deed of trust. Further, whether modifications to the loan are barred by section 26.02 may depend on whether the required statutory notice was given, and, as before, the Court lacks information to make this determination.[3] The statute of frauds is an affirmative defense, and thus its application must be conclusively established in the pleadings to support a dismissal under Rule 12(b)(6).

Accordingly, Plaintiffs have sufficiently alleged a breach of contract to survive the motion to dismiss.

**B. Promissory Estoppel**

In the alternative, Plaintiffs allege that "the agreement to prevent foreclosure is supported by the doctrine of promissory estoppel." They allege that the Defendant promised it would not foreclose on the property in the event the Plaintiffs submitted the proper documentation to modify

---

[2] Although the Court took judicial notice of the fact that the market value of the property exceeds $75,000 for purposes of diversity jurisdiction, the market value of the property is not the same thing as the amount of the mortgage note.

[3] Section 26.02(e) requires that each loan agreement that is subject to this section notify the debtor or obligor, in a separate written document, about section 26.02(d)'s prohibition against oral modifications. The sample language from 26.02(e) includes the following: "This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties."

the loan, that Plaintiffs relied upon this promise to submit the documentation and to not find alternative housing, and it was foreseeable that they would rely on the promise. Defendant argues that the promissory estoppel claim fails because it requires that the Defendant promised to sign a written document that would have satisfied the statute of frauds, and Plaintiffs fail to do so.[4] Further, Defendant argues, Plaintiffs fail to show detrimental reliance insofar as they do not allege facts demonstrating that they "materially changed" their position in reliance on any promise.

A promissory estoppel claim requires (1) a promise; (2) foreseeability of reliance by the promisor; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Plaintiffs contend that Defendant promised not to foreclose during the modification review, that it was foreseeable that they would rely on this promise, and that they relied by not seeking refinancing elsewhere or finding alternate housing. Plaintiffs' allegations do not establish that they substantially relied on Defendant's promise to foreclose to their detriment. They do not allege that, but for the promise, they would have sought refinancing elsewhere or that they had a likelihood of being able to obtain such refinancing, given that they were already in default on their mortgage. In addition, they do not allege any harm from failing to find alternative housing, given that they remain in possession of their home and have not yet been foreclosed upon such that they would need alternative housing. The Court thus finds that Plaintiffs have failed to state a claim for promissory estoppel, and grants the motion to dismiss this claim.

---

[4] The Court notes that this requirement only applies if the agreement is subject to the statute of frauds, and the Court has already concluded that it lacks information to make this determination.

**Conclusion**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss the amended complaint (docket no. 13).

It is so ORDERED.

SIGNED this 9th day of June, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE